**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Napier,<br><br>    Defendant. | No. CR-10-186-PHX-DGC<br><br>**ORDER** |

On December 3, 2014, Defendant pled guilty to three counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256. Following a thorough plea colloquy, the Court took under advisement the question of whether Defendant's admissions and other evidence are sufficient for the Court to find that the guilty plea is supported by a factual basis as required by Federal Rule of Criminal Procedure 11(b)(3).

Defendant's plea agreement identifies the following elements for the offense to which he pled guilty:

1. Defendant knowingly used a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means;

2. Defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means of interstate or foreign commerce, including by computer;

3. "Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person;

4. The offense occurred in the District of Arizona.

Doc. 37 at 5-6. The Court finds this to be an accurate description of the elements of the offense under 18 U.S.C. §§ 2251(a), 2251(e), and 2256.

Defendant clearly admitted facts establishing most of these elements. With respect to the child at issue in each of the three counts, Defendant admitted that he persuaded the child to engage in conduct – described specifically during the plea colloquy – that plainly falls within the definition of sexually explicit conduct set forth above. Defendant admitted that he did so for the purpose taking photographs of the conduct, and that he did in fact photograph the conduct with each child. Defendant admitted that he placed each of the photographs on a computer, and did not dispute that the conduct occurred in Arizona.

The only area of uncertainty arose from Defendant's assertion that he did not know what would happen to the photographs after he placed them on the computer. Defendant asserted that he took the photographs and placed them on the computer at the direction of persons with whom he communicated over the Internet, and that he did not know the photographs would be transmitted to other locations. And yet Defendant was unequivocal in his desire to plead guilty to all three counts. The only question, then, is whether the Court can determine from the facts Defendant did admit during the colloquy, and other evidence apparent during the hearing, that Defendant had reason to know that the photographs would be transported or transmitted using any means or facility of interstate or foreign commerce. 18 U.S.C. § 2251(a).

"Rule 11(b)(3) does not specify the exact nature of the inquiry that a district court must make when determining whether a guilty plea has a factual basis." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009). It simply requires that the Court

"determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). To establish a factual basis, "the court may consider all of the evidence before it at the time of judgment." *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir. 1995); *see also Mancinas-Flores*, 588 F.3d at 682 ("the Advisory Committee notes to the 1974 [Rule 11] amendments suggest that '[a]n inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case.' Thus, a court need not rely on the plea colloquy alone and 'may conclude that a factual basis exists from anything that appears on the record.'"). Indeed, "a trial court may accept a defendant's guilty plea . . . even when the defendant maintains his innocence, provided the defendant clearly expresses a desire to enter the plea and the record contains 'strong evidence of actual guilt.'" *United States v. King*, 257 F.3d 1013, 1022 (9th Cir. 2001) (quoting *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970)). "Sufficient evidence indicating guilt is adequate; the court need not convince itself of guilt beyond a reasonable doubt." *Id*. (citing *Alber*, 56 F.3d at 1110).

Defendant admitted the following relevant facts during the plea hearing: (1) at the direction of the persons with whom he communicated over the Internet, he induced three children to engage in sexually explicit conduct and took photographs of the conduct; (2) at the direction of the persons on the Internet, he placed the photographs on a computer; (3) at the direction of the same persons, he downloaded the Gigatribe software to the computer; (4) he knew the computer had Internet access; (5) a law enforcement officer was able to access the photographs over the Internet using the Gigatribe software; (6) the government could present evidence at trial that would persuade the jury, beyond a reasonable doubt, that Defendant knew or should have known that the images would be accessible over the Internet. In addition to these admissions by Defendant, the government stated during the plea hearing that an undercover law enforcement officer asked Defendant, over the Internet, for a password that would grant access to the photographs, and Defendant provided the password. The government further noted that

Defendant has pled guilty to similar charges in Arizona state court and is facing substantial prison time as a result of that guilty plea.

The Court has no difficulty concluding that Defendant "ha[d] reason to know" that the child pornography he created and placed on the computer would be transported via the Internet, which satisfies the interstate commerce nexus required for this crime. 18 U.S.C. § 2251(a). On the basis of communications over the Internet, Defendant created child pornography, placed it on a computer, and downloaded file-sharing software to the same computer. Defendant had ample reason to know that the persons giving him directions wanted access to the photographs and would obtain it over the Internet. His downloading of the Gigatribe software also provided ample reason to know that others could and would access the photographs over the Internet.

The Court finds a sufficient factual basis to accept Defendant's guilty plea. At the end of the plea hearing, the Court found all other requirements for acceptance of the plea to be satisfied. The Court therefore accepts Defendant's guilty plea. Sentencing will proceed as scheduled on February 23, 2015.

Dated this 5th day of December, 2014.

_____
David G. Campbell
United States District Judge